**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ERROL GEORGE HUNTER,

Petitioner,

v.

TODD BLANCHE, Attorney General, Department of Justice,

Respondent.

Case No.: 3:26-cv-03615-BTM-VET

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF NO. 1]**

The Court previously granted Errol George Hunter's amended petition for the writ of habeas corpus. *Hunter v. LaRose*, No. 26-cv-00894, 2026 WL 1075239 (Apr. 17, 2026). The Court granted Hunter "a bond hearing at which the Government bears the burden of establishing by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight." *Id.* at *2. A bond hearing was held on April 28, 2026. (ECF No. 8-1, Ex. 3 ("IJ Bond Mem."), at 1.) The immigration judge ("IJ") determined that Hunter posed a danger to the community and denied bond. (*Id.* at 3.) Hunter appealed the decision to the Board of Immigration Appeals ("BIA"). (*Id.* at 1.) He then filed this petition for the writ of habeas corpus on June 18, 2026. (ECF No. 1.) He claims first that IJs are biased, "placed for the sole purpose to deny bond[] and asylum[] and relief." (*Id.*

at 3.) He claims second that the IJ improperly placed the burden on him to prove that he is not a danger or flight risk instead of placing the burden on the Government. (*Id.*) The Government claims Hunter failed to exhaust his administrative remedies. (ECF No. 8.) It also argues that Hunter has not provided evidence that supports either claim. (*Id.* at 5–6.)

As a threshold matter, Hunter is not required to exhaust his administrative remedies because he challenges whether the IJ complied with this Court's order. By claiming that IJ improperly placed the burden of proof, Hunter contends that the IJ did not follow the directives in the Court's order and judgment. This is a legal issue for the Court to address rather than the BIA. *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[The Petitioner] is correct that the district court had authority to review compliance with its earlier order conditionally granting habeas relief."); *see Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017) (affirming waiver of prudential exhaustion where the challenge at issue raised pure questions of law). Therefore, the Court waives Hunter's exhaustion requirement.

After reviewing the petition on its merits, the Court denies both claims. First, Hunter does not present evidence that IJs are generally biased or that the IJ that adjudicated his bond hearing is biased. Moreover, the Court addressed this argument in its previous order, stating that the Government has "shown the upmost respect for this Court's judgments and have timely followed them thereby enabling the mutual respect of the Court. There is no reason to believe that the mutual respect for coequal branches of the government will not continue here in the Southern District of California." *Hunter*, 2026 WL 1075239, at *2. The Court again denies without prejudice the generalized claim that IJs are biased.

Second, the Court does not find that the IJ improperly applied the burden of proof in Hunter's bond hearing. At the outset of the bond memorandum decision, the IJ stated that the "Government [would] bear[] the burden of establishing by clear and convincing evidence that [the respondent] poses a danger to the community or a risk of flight." (IJ Bond Mem., 1 (alteration in original) (quoting *Hunter*, 2026 WL 1075239, at *2).) This was the standard set by the Court in its order granting Hunter's first habeas petition. The

IJ then reviewed the *Guerra* bond factors and the Government's evidence of Hunter's criminal history. (*Id.* at 2–3.) *See In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006). Based on Hunter's "very serious" criminal history, the IJ found that the Government met its burden of demonstrating that Hunter would pose a danger to the community if released. (*Id.* at 3.) It is plain from the face of the bond memorandum decision that the IJ placed the burden of proof on the Government to prove by clear and convincing evidence that Hunter posed a danger or flight risk. (IJ Bond Mem., 1, 3.) Thus, the Court denies without prejudice Hunter's second claim. To the extent that Hunter argues that the IJ abused his discretion by denying him bond, the Court declines to reach the issue. Hunter has appealed the denial of his bond to the BIA and has not expressly raised the issue here. *See Leonardo*, 646 F.3d at 1161 ("The district court was under no obligation to address [the Petitioner's] new arguments under the ambit of ensuring compliance with the earlier order.").

In conclusion, Hunter's petition for a writ of habeas corpus is **DENIED** without prejudice on both claims.

**IT IS SO ORDERED.**

Dated: September 24, 2026

Honorable Barry Ted Moskowitz
United States District Judge